**DRAKE POSSESSIONS, INCORPORATED and Johnson, Drake & Piper, Incorporated, Plaintiffs,**

**v.**

**CORPORACION de SERVICIO DEL CENTRO MEDICO de PUERTO RICO, Defendant.**

**Civ. No. 699–68.**

United States District Court
D. Puerto Rico.

May 5, 1969.

Federico Ramírez Ros and Luis Fernández Ramírez, San Juan, P. R., for plaintiffs.

Nachman, Feldstein, Laffitte & Smith, San Juan, P. R., for defendant.

MEMORANDUM and ORDER

CAFFREY, District Judge.*

This matter came on for hearing on defendant's motion for an order striking certain allegations in paragraph (9) of the first claim for relief in plaintiffs' complaint and substantially similar al-

* Sitting by designation.

legations in paragraph (7) of the second claim for relief. Paragraph (9) of the first cause of action states:

"(9) The contractor further alleges that the rate set forth in the contract of $1,000.00 per day purportedly as liquidated damages for delay in completion of the contract in fact and law is unreasonably excessive, coercive, and punitive and was intended as a penalty and not as compensation for actual damages, was never the subject of negotiation or bargaining between the parties, but was unilaterally imposed by the owner in exercise of its superior bargaining powers and was discriminatorily assessed against the contractor but not against other contractors of other buildings for the owner in the medical center complex although there were substantial delays by said other contractors in completing their work."

Plaintiffs herein are suing the owners of the medical center to recover under the construction contract entered into between the parties. Their rights are to be determined on the basis of their contract, not on the basis of what other contracts the owners made with other corporations or persons. Paragraph (9) *supra* and paragraph (7) of the second cause of action seek to interject into this action of contract extraneous and irrelevant matters concerning other buildings and other contracts to which plaintiffs were absolute strangers. The mere fact that a common owner entered into different types of contracts with other legal entities in the course of construction of a massive medical center does not alter or eliminate the separate nature and character of each contract so entered into.

■■ There is no allegation in the complaint that the contract which is the basis of this suit was made with reference to or formed a part of other contracts between the defendant and unnamed third parties who allegedly entered into other construction contracts for different portions of the medical center. Nor is it alleged that the other contracts form a relevant part of the circumstances leading up to and surrounding the execution of the instant contract, or that the contract in suit adopts language from the other contracts to fix the meaning of any of its terms.

Thus, there is no reason herein not to apply the usual rule of contract law that transactions with a third person are not admissible to prove the terms of a contract. There is even less reason to consider what was done in the performance or non-performance of other contracts as bearing on the meaning of the contract in suit. University City v. Home Fire & Marine Ins. Co., 114 F.2d 288 (8 Cir., 1940); Herlihy Mid-Continent Co. v. Northern Indiana Public Service Co., 245 F.2d 440 (7 Cir., 1957).

Plaintiffs' complaint that liquidated damages clauses were not enforced under other contracts is strikingly reminiscent of the argument of the laborers in the vineyard of biblical fame, but affords no legal basis for escalating this case into a trial of all contracts made in the course of constructing the medical center.

Ordered: Defendant's motion to strike is allowed.