**DRAKE POSSESSIONS, INCORPORATED and Johnson, Drake & Piper, Incorporated, Plaintiffs,**

v.

**CORPORACION DE SERVICIO DEL CENTRO MEDIO DE PUERTO RICO, Defendant.**

No. Civ. 699–68.

United States District Court
D. Puerto Rico.

June 9, 1969.

Luis Fernandex-Ramirez, San Juan, P. R., for plaintiffs.

Nachman, Feldstein, Laffitte & Smith, San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

CAFFREY, District Judge.

This matter came before the Court upon the basis of plaintiffs' motion for reconsideration of a Memorandum and Order dated May 2 and filed May 5, 1969, 299 F.Supp. 92, which allowed defendant's motion to strike paragraph 9 of the first claim for relief in plaintiffs' complaint and paragraph 7 of their second claim for relief which contained substantially similar allegations, and upon the basis of an "Opposition to Reconsideration of Order" filed by defendant.

The instant motion amounts to a request that the Court reconsider and vacate so much of its Order as strikes the first allegation in paragraphs 9 and 7. Plaintiffs correctly point out that the Court's Order was largely concerned with the improprieties contained in the last half of paragraphs 9 and 7 and that the Court did not consider the effect on the trial which the first half of those paragraphs standing alone would have, but considered them only *in toto*. Neither party cites any cases directly addressed to the question of letting the first half of paragraph 9 and the first half of paragraph 7 stand for trial divorced from the stricken material constituting the second halves of those paragraphs. The first half of paragraph 9 provides:

> "The contractor further alleges that the rate set forth in the contract of $1,000 per day purportedly as liquidated damages for delay in completion of the contract in fact and law is unreasonably excessive, coercive, and punitive and was intended as a penalty and not as compensation for actual damages, was never the subject of negotiation or bargaining between the parties, but was unilaterally imposed by the owner in exercise of its superior bargaining powers. * * *"

It appearing that re-instating this portion of paragraphs 9 and 7 would not carry with it the trial difficulties referred to in the Order of May 2 which the second portion of these paragraphs

would entail, namely, interjecting "into this action of contract extraneous and irrelevant matters concerning other buildings and other contracts to which plaintiffs were absolute strangers." On the contrary, the limited portion of paragraphs 9 and 7 quoted above would involve only evidence directly concerned with the contract which is the basis of this action. See, in this regard, the extended discussion in Williston, Contracts (3d Ed. 1961), secs. 777, 778, 779, and cases cited therein.

Accordingly, the motion for reconsideration is allowed, the order filed May 5, 1969 is vacated, and it is ordered that defendant's motion to strike paragraph 9 of plaintiffs' first cause of action and paragraph 7 of plaintiffs' second cause of action is denied as to the language from those paragraphs quoted above. The motion is allowed as to the language in those paragraphs to the effect

"and was discriminatorily assessed against the contractor but not against other contractors of other buildings for the owner in the medical center complex although there were substantial delays by said other contractors in completing their work."